UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD C. DAWKINS,

            Plaintiff,

– *against* –

COPELAND, *Correctional Officer*; M. HOLINESS, *Grievance Coordinator*; RICE, *Civilian*, SCULLY, *Cashier Officer*; S. CANADY, *Grievance Coordinator*; *Executive Director of Programs* DEPUTY WARDEN VAS #242; DR. RAMOS *and* DR. KATZ, *Medical Directors*; DR. JOHN DOE; CAROLYN SAUNDERS, *Warden of North Infirmary Command*; K.TILLERY, *Captain*; LOUNETTE DAWKINS, *Captain*; CAPTAIN COLON; CAPTAIN COOPER; *and* DEPUTY WARDEN GRACE, *Executive Supervisor Operations*,

            Defendants.

**ORDERS DIRECTING SERVICE & APPOINTMENT OF *PRO BONO* COUNSEL**

17 Civ. 9926 (ER)

Ramos, D.J.:

      On March 31, 2020, this Court issued an Opinion and Order granting motions to dismiss by defendants Canaday and Capt. Dawkins with prejudice, granting in part and denying in part a motion to dismiss by defendant Copeland, dismissing *sua sponte* and with prejudice claims against defendants Holiness, Scully, Katz, Saunders, Rice, Vaz, Tillery, and Ramos, and *sua sponte* but without prejudice dismissing claims against defendants Grace, Cooper, and Colon.  2020 WL 1529161, Doc. 110.  The Court directed Dawkins to file a Second Amended Complaint realleging claims against Grace, Cooper, and Colon, and it directed Copeland to answer any Second Amended Complaint once filed.

      Dawkins' Second Amended Complaint, Doc. 116, and request for *pro bono* counsel, Doc. 117, were docketed on June 24, 2020.  Now, in this Order, the Court: (1) *sua sponte* dismisses with prejudice the Second Amended Complaint as against Cooper

and Colon and orders service of the Second Amended Complaint on Grace and (2) orders the appointment of *pro bono* counsel for the limited purposes of discovery.

I.  **DEFENDANTS GRACE, COOPER, AND COLON**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

To establish a Section 1983 claim for allegedly unconstitutional conditions of confinement, a plaintiff must make two showings. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). First, the plaintiff must "show[] that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Id.*; *see also id.* at 30 ("Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health . . . ." (internal quotation marks omitted)). Second, the plaintiff must "show[] that the officer[s] acted with at least deliberate indifference to the challenged conditions." *Id.* The Fourteenth Amendment applies an objective *mens rea* standard: The official need only "recklessly fail[] to act with reasonable care to mitigate the risk that the condition posed to the

pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35 (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).

In its March 2020 Opinion and Order, the Court dismissed claims against Cooper and Colon by observing the following:

> [T]he claims against Colon, Cooper, and Grace are dismissed because they fail to state a claim. Dawkins fails to allege that Colon or Grace knew or should have known of his medical conditions when they searched his cell and Grace directed Colon to remove the mattress. Cooper, though Dawkins told him he needed the mattress, checked with Katz, a doctor, before taking it away. This consultation with a medical professional cannot form the basis for a claim of deliberate indifference to Dawkins' medical needs. *See Ward v. Capra*, No. 16 Civ. 6533 (KMK), 2018 WL 1578398, at *6 (S.D.N.Y. Mar. 29, 2018) ("Even if [defendant] had knowledge of the grievance, a prison administrator is permitted to rely upon and be guided by the opinions of medical personnel concerning the proper course of treatment administered to prisoners, and cannot be held to have been personally involved if he does so.").

2020 WL 1529161 at *10-11.

In his Second Amended Complaint, Dawkins fails to add allegations suggesting that that either Cooper or Colon exhibited any deliberate indifference to Dawkins' medical needs. In fact, a review of both complaints reveals no new allegations about these individuals at all. *Compare* Aff. ¶¶ 46, 47, Doc. 101[1] *with* Second Am. Compl. ¶¶ 35, 36, Doc. 116. Accordingly, Dawkins' Second Amended Complaint fails to state a claim in reference to Colon and Cooper and his complaint is dismissed as against them.

Dawkins does, however, make new allegations against Grace. He alleges that Grace, as executive supervisor of operations and deputy warden of the Northern Infirmary Command at Rikers Island, knew or should have known of the medical

---

[1] Dawkins' allegations were made in his Amended Complaint, Doc. 79, and an affidavit attached to his memorandum in opposition to the defendants' motion to dismiss, Doc. 101. Because Dawkins is proceeding *pro se*, the Court considered the factual allegations made in the affidavit alongside the Amended Complaint. *See Long v. Lafko*, 254 F. Supp. 2d 444, 446 (S.D.N.Y. 2003).

3

conditions affecting those specifically designated to this medical facility. Second Am. Compl. ¶ 38. He further alleges that his medical history, including a broken face, a punctured lung, and narcolepsy, was transmitted to Northern Infirmary Command and that Grace knew or should have known of it. *Id.* ¶ 39. Finally, he newly alleges that Grace was specifically informed of Dawkins' diagnosis of lower back and neck injuries necessitating a medical mattress both before and after he or she ordered Dawkins' medical mattress removed from his cell. *Id.* ¶¶ 8–10.

Together with the special solicitude courts must grant *pro se* litigants at the pleading stage, *see Harris*, 572 F.3d at 72, these new allegations suggest that Grace knew or should have known of Dawkins' severe medical conditions when he or she ordered the search of his cell and removal of his mattress. In any event, his allegations in this regard are not frivolous or malicious, and the Court will accordingly order service on Grace. Grace will have the opportunity to answer, move to dismiss under Federal Rule of Civil Procedure 12(b)(6), or otherwise respond to the Second Amended Complaint after he or she is served or waives service.

## II.   APPOINTMENT OF *PRO BONO* COUNSEL

The Court directs that the Clerk of Court seek *pro bono* counsel to enter a limited appearance for the purpose of conducting discovery in the above-captioned action. Counsel will file a Notice of Limited Appearance as *Pro Bono* Counsel. Copeland takes no position on Dawkins' application for *pro bono* counsel. Doc. 119 at 1.

### A.  LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free

4

lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

### B. DISCUSSION

Dawkins meets the threshold requirements of *Hodge*. As Dawkins filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted on February 6, 2018, Doc. 6, Dawkins qualifies as indigent. And as Dawkins' claim against Copeland survived a

motion to dismiss, it is "likely to be of substance." *Hodge*, 802 F.2d 61-62.  The Court finds that the other *Hodge* factors also weigh in favor of granting Dawkins' application.  In particular, Dawkins' status as an incarcerated person makes his ability to investigate the circumstances surrounding disruptions to his legal mail and — should his claims against Grace survive a motion to dismiss, the circumstances surrounding the removal of his medical mattress — nearly impossible.  Indeed, Dawkins has regularly updated the Court with his difficulties in accessing his institution's law library and in sending and receiving legal mail.  *See, e.g.*, Docs. 77, 89, 90, 99, 107, 108.  These difficulties would be compounded in discovery and unnecessarily complicate the process.  In this case, requesting *pro bono* counsel would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Given the early stage of the proceedings, the Court will request that counsel appear for the limited purpose of conducting discovery.  In addition, *pro bono* counsel may engage in settlement discussions.  *Pro bono* counsel will not be obligated for any aspect of Dawkins' representation beyond the matters described in this order.  In particular, *pro bono* counsel will not be required to respond to a dispositive motion, including any motion to dismiss filed by Grace.  In the event that the defendants file a dispositive motion, *pro bono* counsel may seek appropriate relief, including an extension of Dawkins' time to respond, or an expansion of *pro bono* counsel's role to include responding to the motion.  Absent an expansion of the scope of *pro bono* counsel's representation, *pro bono* counsel's representation of Dawkins will end upon completion of discovery.  Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of Dawkins in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to Dawkins or to the Court in this matter.

Under the Court's Standing Order regarding the Creation and Administration of the *Pro Bono* Fund (16-MC-0078), *pro bono* counsel may apply to the Court for

reimbursement of certain out-of-pocket expenses spent in furtherance of Dawkins' case. The *Pro Bono* Fund is especially intended for attorneys for whom *pro bono* service is a financial hardship.  *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

### III.   CONCLUSION

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Deputy Warden Grace of the Northern Infirmary Command waive service of summons. Furthermore Court directs that the Clerk of Court seek *pro bono* counsel to enter a limited appearance for the purpose of conducting discovery in the above-captioned action. Counsel's appearance will not include responding to dispositive motions, including any potential motion to dismiss by Grace.

Copeland is directed to respond to the Second Amended Complaint by August 5, 2020.  Grace is directed to answer or otherwise respond to the Second Amended Complaint within 21 days after he or she waives service.  The Law Department is directed to inform the Court by August 5, 2020 of whether Grace has been informed of this Order, if he or she has not waived service by then.  Finally, given that it will likely be some time before *pro bono* counsel can be secured, discovery is stayed in this case until such time *pro bono* counsel makes an appearance on Dawkins' behalf.  The Court's scheduling order of May 28, 2020, Doc. 114, is VACATED.

The Clerk of Court is directed to terminate the motions, Docs. 116 and 117.

It is SO ORDERED.

Dated:   July 21, 2020
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

7