UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- X
EDWARD C. DAWKINS,                       :
                                         :
                       Plaintiff,        :            17 Civ. 9926 (ER)
                                         :
          -v-                            :       STIPULATION AND ORDER
                                         :     GOVERNING THE PROTECTION
TANOYA COPELAND, et al.,                 :         AND EXCHANGE OF
                                         :       CONFIDENTIAL MATERIAL
                       Defendants.       :
-------------------------------------------------------- X
```

IT IS HEREBY STIPULATED, AGREED, AND ORDERED:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each

individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule

of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that

they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately

tailored confidentiality order;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers,

agents, servants, employees, and attorneys, any other person in active concert or participation

with any of the foregoing, and all other persons with actual notice of this Order (the "Stipulation

and Order") will adhere to the following terms:

1.      With respect to "Discovery Material" (*i.e.*, information of any kind

produced, reproduced or disclosed in the course of discovery in this action) that a person has

designated as "Confidential" pursuant to this Stipulation and Order, no person subject to this

Stipulation and Order may disclose such Confidential Discovery Material, or any copies, reproductions, excerpts or other documents or media that disclose such Confidential Discovery Material, to anyone else except as expressly permitted hereunder.

2.      The Party or person producing, reproducing or disclosing Discovery Material (each, "Producing Party") may designate documents or information, or any part thereof, as "Confidential Material" that the Producing Party reasonably and in good faith believes consists of nonpublic, confidential, personal, business, financial, strategic, medical, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation and Order, including but not limited to:

(a) medical records and patient information, including, without limitation, (*i*) any document or information that identifies an individual in any manner and relates to the past, present, or future provision of health care or payment for the provision of health care to such individual, (*ii*) "protected health information" and "individually identifiable health information" as those terms are defined in 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 and (*iii*) such information protected by privacy statutes, rules, regulations and common law principles under the laws and rules of New York State and New York City;

(b) financial information that has been previously disclosed publicly;

(c) New York City Department of Correction ("DOC") policies and training materials, which have not been approved for public release;

(d) any and all documents or materials included in any DOC employee's personnel file;

(e) criminal records including, without limitation, a Party's arrest records;

(f) any other information of a personal or intimate nature regarding any individual;

(g) other sensitive information concerning any individual including personally identifiable information (*i.e.*, "PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft, which may also be redacted and designated as "Redacted – PII" to the extent that the redacting Party believes in good faith such PII is not relevant to any Party's claims or defenses); or

(h) any other category of information given confidential status by this Court after the date of this Stipulation and Order.

3.     With respect to Confidential Discovery Material other than deposition transcripts and exhibits or other pretrial testimony, the Producing Party or its counsel may designate Discovery Material as "Confidential" (*i*) by affixing the legend "CONFIDENTIAL" to each page containing any Confidential Discovery Material; or (*ii*) in the case of electronically stored information produced in native format, by including "CONFIDENTIAL" in a metadata field of a database load file, or by affixing the legend "CONFIDENTIAL" to the media containing the Discovery Material (*e.g.*, CD-ROM, flash drive, external hard drive, or DVD).  In such circumstances where the marking of each piece of Discovery Material is impractical or impossible, the Producing Party shall designate in writing the Discovery Material that it regards as Confidential.

4.     With respect to the Confidential Discovery Material in deposition transcripts and exhibits or other pretrial testimony, a Party or its counsel may designate such

deposition transcripts and exhibits or other pretrial testimony as "Confidential" (*i*) by a statement on the record by counsel during such deposition or other testimony or portion thereof that such testimony shall be treated as Confidential and direction to the stenographer and videographer that the deposition or portion thereof shall be marked as such; or (*ii*) by written notice from the Producing Party to all counsel of record and the stenographer and videographer, sent within two weeks after the final written transcript is received from the court reporter, that the entire transcript or portions thereof shall be marked as such and re-produced as appropriate.  The Parties shall treat all depositions and other testimony as Confidential until four (4) weeks after receiving a copy of the transcript thereof.  After four (4) weeks, only those portions of any transcript designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material. Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript.  Each court reporter participating in any such deposition or testimony shall be provided with a copy of this Stipulation and Order and shall adhere to its provisions.  Each court reporter shall mark those portions of such deposition or testimony transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL" and shall place on the cover of any such transcript(s) and recording(s) the following legend:

> THIS TRANSCRIPT OR VIDEO CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL BY COUNSEL AND COVERED BY A STIPULATED PROTECTIVE ORDER.

5.      If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may promptly so designate such

material by Bates number or other individually identifiable information by notifying all Parties in writing.   Thereafter, all persons subject to this Stipulation and Order will treat such designated portion(s) of the Discovery Material as Confidential and subject to Paragraph 1 of this Stipulation and Order.  In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

6.      The inadvertent production of Confidential Materials to a Party without appropriate designation of confidentiality shall not be deemed a waiver of any claim of their status as Confidential Discovery Material, provided the Producing Party complies with Paragraph 5.

7.      Nothing contained in this Stipulation and Order will be construed as: (*i*) a waiver by a Party or person of its right to object to any discovery request; (*ii*) a waiver of any privilege or protection, including the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Material from disclosure; or (*iii*) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. Consistent with Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), if a Party or non-party notifies any Party that Discovery Material was produced that is protected from disclosure by the attorney-client privilege, work-product doctrine, or other immunity, the disclosure shall not be deemed a waiver in whole or in part of the applicable privilege or protection, either as to the specific material disclosed or as to any other material or information relating thereto or on the same or related subject matter.  After receiving such notification, a Party must promptly return or destroy the specified information and any copies it has; must not use or disclose the information for any reason until any challenge to the assertion

5

of privilege is resolved; and must take reasonable steps to retrieve the information if the Party disclosed it before being notified.

8.      Except as provided herein, nothing in this Stipulation and Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Material.

9.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Stipulation and Order may disclose such information only to the following persons:

(a) The Parties to this action;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other employee or assistant that such counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign specifically to this matter, provided such outside vendor or service provider has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received (or intended to receive) a copy or, in the case of meeting minutes and presentations, an attendee of the meeting;

(f)  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

(g)  any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)  stenographers and videographers engaged to transcribe or record depositions the Parties conduct in this action;

(i)  this Court, including any appellate court, its support personnel, and court reporters; and

(j)  Other persons upon order of the Court or upon written stipulation of the Producing Party (including by email) and on such conditions as may be agreed or ordered.

10.    Before disclosing any Confidential Discovery Material to any person referred to in Paragraph 9 above as required to execute the Non-Disclosure Agreement in the form annexed as Exhibit A hereto, counsel must provide a copy of this Stipulation and Order to such person.  Said counsel must retain each signed Non-Disclosure Agreement and produce it to the opposing Party either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

11.    This Stipulation and Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified.  The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to

determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder.

12.     In filing Confidential Discovery Material with the Court, the Parties shall comply with Rule 3.ii of the Court's Individual Practices  and the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

13.     Unless otherwise ordered, and subject to any applicable local or individual rules and the Federal Rules of Evidence and any other order of the Court, a Party may use Confidential Discovery Materials at the trial of this action or at any hearing in this action, provided that such Party has provided reasonable notice of such intended use to all Parties and that the Parties have conferred regarding the means by which that Confidential Discovery Materials will remain protected at said trial or hearing.  Any disagreements arising from this conferral shall be promptly presented to the Court.

14.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party (or, if unrepresented by counsel, the Party itself) a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement within ten (10) business days, the Parties will address their dispute to this Court in accordance with Rule 37.2 of the Local Rules and applicable individual practices of the Court.  Unless good cause is shown, for documents produced 90 days or longer before trial, any challenges must be raised at least 45 days before trial.  For documents produced within 90 days of trial, the challenging Party must file its motion to remove the Confidential designation within half of the remaining time before trial, and the meet-and-confer period shall be shortened to five (5) business days.

15.     Recipients of Confidential Discovery Material under this Stipulation and Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding.

16.     Nothing in this Stipulation and Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden and costs to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.     Nothing herein shall be construed to limit or restrict a Party's use or disclosure of its own Confidential Discovery Material for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential Discovery Material obtained lawfully by such party independently, or which:

       a.  is available in the public domain;

       b.  was already known to such Party by lawful means prior to acquisition from, or disclosure by, the Producing Party; or

       c.  is rightfully received from a third-party that has authority to provide such Confidential Discovery Material without restriction as to disclosure.

9

18.     Each person who has access to Discovery Material designated as Confidential pursuant to this Stipulation and Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19.     Should any Confidential Discovery Material be disclosed, through inadvertence or otherwise, by a Party to any person or party not authorized to receive that material under this Stipulation and Order, then the disclosing Party shall: (a) promptly inform such person of all the provisions of this Stipulation and Order; (b) promptly advise the Producing Party of the identity of Confidential Discovery Material so disclosed and to whom disclosure was made; (c) request such person to sign the Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and, if such person does not sign the Non-Disclosure Agreement, (d) attempt to retrieve all copies of documents and things containing the disclosed information.

20.     Within 60 days of the final disposition of this action (including all appeals) all recipients of Confidential Discovery Material must either return it, including all copies thereof, to the Producing Party, or, upon permission of the Producing Party, destroy such material, including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the Parties and attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Stipulation and Order.

21.     This Stipulation and Order shall be without prejudice to the right of any Party to oppose production of any document or information on any and all grounds other than confidentiality.

22.     This Stipulation and Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Stipulation and Order to whom Confidential Discovery Material is produced or disclosed.

23.     The Parties reserve the right to seek modification of this Stipulation and Order by application to the Court for good cause shown.

24.     This Stipulation and Order may be signed in counterparts, which taken together shall be construed as a single document.

25.     Emailed or faxed copies of signatures of this Stipulation and Order shall have the same force and effect as original signatures.

26.     This Court will retain jurisdiction over all persons subject to this Stipulation and Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED AND AGREED.


*/s/ Michael J. Pisem*          */s/ David S. Thayer*          
Lisa Zornberg (lzornberg@debevoise.com)     David S. Thayer (dthayer@law.nyc.gov)
Michael J. Pisem (mpisem@debevoise.com)     *(Signed by Mr. Pisem with Mr. Thayer's*
Alicia Guo (aguo@debevoise.com)     *consent per S.D.N.Y. ECF Rule 8.5(b))*

Debevoise & Plimpton LLP     Corporation Counsel of the City of New York
919 Third Avenue     100 Church Street
New York, NY 10022     New York, NY 10007
(212) 909-6000     (212) 356-2649
*Counsel for Plaintiff Edward C. Dawkins*     *Counsel for Defendant Tanoya Copeland*

Dated: August 8, 2022     Dated: August 8, 2022
New York, NY     New York, NY

SO ORDERED.

Dated:  August 8, 2022
New York, NY

_____
EDGARDO RAMOS
United States District Judge

<u>Exhibit A</u>
to Stipulated Confidentiality
Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
EDWARD C. DAWKINS,                           :
                                             :
                        Plaintiff,           :      Civil Action No. 17 Civ. 9926 (ER)
                                             :
             -v-                             :         **<u>NON-DISCLOSURE</u>**
                                             :            **<u>AGREEMENT</u>**
TANOYA COPELAND, et al.,                     :
                                             :
                        Defendants.          :
---------------------------------------------------------- X

I, _____, acknowledge that I have read and understand the Stipulation and Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and only in a manner that is consistent with the terms of the Stipulation and Order.  I agree that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it.  By acknowledging these obligations under the Stipulation and Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulation and Order could subject me to punishment for contempt of Court.


                                    _____
                                    Name:
                                    Date: